**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Erwin EDWARDS, Sr., Defendant–Appellant.**

**No. 08–11910**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 22, 2008.

Steven E. Butler, Donna Barrow Dobbins, Mobile, AL, for Plaintiff–Appellee.

Erwin Edwards, pro se.

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Erwin Edwards, Sr. appeals the denial of his *pro se* 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. After review, we affirm.

## I. BACKGROUND

In 1991, a jury found Edwards guilty of conspiracy to possess with intent to distribute cocaine and a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, Edwards's base offense level was 38, pursuant to U.S.S.G. § 2D1.1(c)(3) (1990), because he possessed more than 1.5 kilograms of crack cocaine. After receiving a three-level role enhancement, Edwards's total offense level was 41. Edwards was designated a career offender under U.S.S.G. § 4B1.1 based on his two prior violent felonies, which gave him a criminal history category of VI. Edwards's resulting guidelines range was 360 months' to life imprisonment. The district court imposed a life sentence.

In March 2008, Edwards filed a § 3582 motion to reduce his sentence. Edwards's motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels under U.S.S.G. § 2D1.1 for crack cocaine offenses. *See* U.S.S.G.App. C, Amends. 706, 713; *United States v. Moore,* 541 F.3d 1323, 1325 (11th Cir.2008).

The district court denied the motion, concluding that § 3582(c)(2) did not authorize a reduction in sentence. The district court explained that because Edwards was sentenced as a career offender, Amendment 706 did not lower his guidelines range of 360 months' to life imprisonment. Edwards filed this appeal.

## II. DISCUSSION

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursu-

ant to 28 U.S.C. § 994(*o*)." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore*, 541 F.3d at 1330; *see also* U.S.S.G. § 1B1.10(a)(2)(B) (Supp. May 1, 2008).[1]

Here, the district court did not err in concluding it lacked authority to modify Edwards's sentence. After Amendment 706, Edwards's base offense level would be 36 instead of 38, *see* U.S.S.G. § 2D1.1(c)(2) (Supp. May 1, 2008), and his total offense level would be 39. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir.2000) (explaining that, in recalculating a defendant's sentence under an amended guideline, "[a]ll other guideline application decisions made during the original sentencing remain intact"). As a career offender with a criminal history category of VI, however, Edwards's sentencing range would remain 360 months' to life imprisonment. *See* U.S.S.G. Sentencing Table (providing a sentencing range of 360 months' to life imprisonment for a defendant with a criminal history category of VI and an offense level between 37 and 42). Thus, Amendment 706 did not lower Edwards's sentencing range, and § 3582(c)(2) does not authorize a reduction in his term of imprisonment. *See Moore*, 541 F.3d at 1327–28; U.S.S.G. § 1B1.10(a)(2)(B) (Supp. May 1, 2008). Because Edwards does not qualify for resentencing under § 3582(c)(2), the district court had no occasion to consider the 18 U.S.C. § 3553(a) factors and the advisory guidelines or to exercise its discretion to impose a new sentence.

To the extent Edwards argues that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) entitles him to a sentence reduction, *Booker* does not provide a jurisdictional basis for § 3582 relief. *United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir.2008). Edwards's challenges to various sentencing calculations made at his original sentencing are outside the scope of this § 3582(c)(2) proceeding, and we do not address them. *See* 18 U.S.C. § 3582(c)(2) (limiting proceedings under the statute to cases where a retroactive amendment affects the applicable guidelines range); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir.2005) (explaining that all original sentence determinations remain unchanged in a § 3582(c)(2) proceeding except for the amended guidelines range).

**AFFIRMED.**

1. We review *de novo* a district court's legal conclusions regarding the scope of authority to modify a sentence under § 3582(c)(2).

*United States v. White*, 305 F.3d 1264, 1267 (11th Cir.2002).